**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**SANDRA BAUR and**
**BAUR FOOD GROUP, LLC**                                            **PLAINTIFFS**

**v.**                                            **CIVIL ACTION NO. 2:23-cv-169-KS-MTP**

**THE HARTFORD INSURANCE COMPANY**                                            **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* on Plaintiffs' failure to prosecute and failure to comply with the Court's prior orders.  Having considered the record and the applicable law, the undersigned recommends that the remainder of this action be dismissed with prejudice.

On August 28, 2024, Plaintiffs' counsel moved for leave to withdraw as counsel of record for Plaintiffs Sandra Baur and Baur Food Group, LLC. *See* Motion [32].  On August 29, 2024, the Court granted the Motion [32] and granted Plaintiffs until October 29, 2024, to obtain substitute counsel and have counsel enter an appearance in this matter. *See* Order [34].

More specifically, the Court directed Plaintiff Sandra Baur to obtain new counsel or advise the Court that she intends to proceed *pro se* by October 29, 2024.  The Court, however, notified Plaintiff Baur Food Group, LLC that as a business entity, it must be represented by licensed counsel and may not proceed *pro se*.[1]  The Court warned Plaintiffs that their failure to comply with the Order [34] may result in the dismissal of their claims[2] or otherwise adversely affect their rights.

---

[1] *See Southwest Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 54-56 (5th Cir. 1982).

[2] On October 8, 2024, the Court entered an Agreed Final Judgment [40] dismissing Peoples Bancshares, Inc. as a Defendant.  The Hartford Insurance Company, however, remains a Defendant in this action.

1

Despite this warning, no substitute counsel entered an appearance on behalf of either

Plaintiff, and Plaintiff Sandra Baur did not advise that she intends to proceed without an

attorney.[3]

Thus, on November 4, 2024, the Court entered an Order to Show Cause [41], which (1)

ordered Plaintiff Baur Food Group, LLC to obtain counsel and have counsel enter an appearance

by November 18, 2024; (2) ordered Plaintiff Sandra Baur to show cause by November 18, 2024,

why her claims should not be dismissed for failure to comply with the Court's Order [34]; and

(3) warned both Plaintiffs that their failure to comply with the Order [41] may result in the

dismissal of their claims with prejudice or otherwise adversely affect their rights.  Neither

Plaintiff complied with the Order [41] or otherwise responded.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority

to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of

the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d

1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in

order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars

of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking

relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at

629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)

---

[3] On September 26, 2024, Plaintiff emailed the Court, attaching a proposed motion.  The proposed motion requested an extension of time to obtain counsel and requested leave to file an amended complaint.  The Court entered an Order [37] instructing Plaintiff that the proposed motion would be disregarded and that any request for relief must be made by motion delivered to the Clerk of Court for filing of record.  The Court noted that it would consider a motion if it were filed with the Clerk of Court.  Plaintiff has filed no such motion since the Court entered its Order [37].

(discussing trial court's Rule 41(b) discretionary authority).  As Plaintiffs have not responded to

multiple Court orders or otherwise pursued this matter, Rule 41(b) dismissal is appropriate.

Additionally, the undersigned finds that the dismissal should be *with* prejudice.  The

United States Court of Appeals for the Fifth Circuit explained:

> A dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.  Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice.  We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.  Additionally, in most cases where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.

*Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Here, Plaintiffs' refusal to comply with the Court's orders for months demonstrates a

clear record of delay and contumacious conduct.  Plaintiffs' failure to heed the Court's prior

warnings shows that lesser sanctions would not prompt diligent prosecution.  Further,

aggravating factors exist in this case.  Plaintiffs' failure to prosecute and comply with the Court's

orders is directly attributable to Plaintiffs rather than counsel, and Plaintiffs have been previously

warned that a dismissal with prejudice may be forthcoming.  The undersigned also notes that the

sole remaining Defendant, Hartford Insurance Company, deposited $497,787.79 in insurance

proceeds with the Clerk of Court, which the Court ordered disbursed to Plaintiff and Peoples

Bank. *See* Orders [28] [39].  It is not clear that any contested issues remain in this action, but if

there are, Plaintiffs have not pursued them.

**RECOMMENDATION**

As Plaintiffs have failed to prosecute this action and comply with the Court's Orders, the undersigned recommends that this action be DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 25th day of November, 2024.

s/ Michael T. Parker
United States Magistrate Judge